**United States District Court**
**District of Massachusetts**

```
_____
                                )
MASSACHUSETTS BIOLOGIC           )
LABORATORIES OF THE UNIVERSITY   )
OF MASSACHUSETTS,                )
          Plaintiff,             )     Civil Case No.
                                 )     12-cv-10006
          v.                     )
                                 )
MEDIMMUNE, LLC,                  )
          Defendant.             )
_____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This dispute arises out of a license agreement under which defendant paid royalties to plaintiff for the right to use a treatment developed by plaintiff's predecessors.  In a parallel proceeding, defendant sued plaintiff in Maryland state court seeking a declaration that it had no continuing obligations under the license agreement.  Pending before the Court is defendant's motion to remand this case to Massachusetts Superior Court.

**I.   Background**

Defendant MedImmune LLC ("MedImmune") removed this case from Massachusetts Superior Court for Suffolk County on the basis of diversity jurisdiction in January, 2012 and, shortly thereafter, sought a stay of the litigation pending resolution of its claims against plaintiff Massachusetts Biologic Laboratories of the University of Massachusetts ("MassBiologics") that were

-1-

proceeding in Maryland state court.  Plaintiff did not oppose
removal or otherwise cast doubt upon this Court's jurisdiction
while defendant's motion to stay was pending.  This Court denied
that motion in July, 2012 and set a scheduling conference for
October, 2012.  Upon a joint request of the parties, that
scheduling conference was continued until November, 2012, after
the trial in Maryland state court had concluded.  At that
scheduling conference, defendant stated its intention to file a
motion to remand the case to state court because it had concerns
about this Court's jurisdiction.

      In late January, 2013, defendant filed the instant motion to
remand the case to state court on the grounds that this Court
lacks diversity jurisdiction because MassBiologics is not a
citizen of a state.  In the alternative, defendant argues that
plaintiff lacks the capacity to sue under Massachusetts law.
Plaintiff does not oppose defendant's motion to remand but
accuses defendant of using removal in the first instance as a
dilatory tactic and asks this Court to award plaintiff an amount
equal to all fees and costs incurred by it since the action was
removed.

## II.  **Analysis**

      The Court will allow defendant's motion to remand the case
to Massachusetts Superior Court because it is unopposed.  It
therefore declines to address defendant's alternative argument

concerning dismissal.

The parties, of course, dispute whether an award of fees and costs is appropriate.  Accordingly, the Court will confine its analysis to that issue.

### A.   Award of Fees and Costs under 28 U.S.C. 1447(c)

Federal law authorizes a district court to award the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when it remands a case to state court for lack of jurisdiction. See 28 U.S.C. § 1447(c).  When defining the test for an award of fees under this provision, the Supreme Court has noted that the appropriate test should "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" without undermining the basic decision to afford defendants access to a federal forum. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where "the removing party lacked an objectively reasonable basis for seeking removal." Id. Conversely, when an objectively reasonable basis exists, fees should be denied. Id.  Intuitively, the Court evaluates the reasonableness of the basis for removal relying on the facts known to defendant at the time it removed the case to federal court. See Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir.

-3-

2007) (analogizing to qualified immunity jurisprudence and dating analysis from time at which "defendant filed his notice in federal court").

B.  **Application**

The Court cannot say that defendant lacked an objectively reasonable basis for removal in January, 2012.  That inquiry depends on whether, for purposes of diversity jurisdiction, MassBiologics was a citizen of a state or an "arm" or "alter ego" of that state, an inquiry governed by a non-exhaustive eight-factor test set out in University of Rhode Island v. A.W. Chesterton Co., 2 F.3d 1200 (1st Cir. 1993) ("the URI case").  In that case, relying upon, its autonomy, operational authority, discretion and proprietary resources, inter alia, the First Circuit held that the University of Rhode Island is a "sufficiently independent corporate character" so as to constitute a citizen of a state. See id. at 1217.

At the time defendant removed this case, it had notice of plaintiff's complaint, from which defendant could conclude that plaintiff 1) had statutory authority to contract, 2) claimed authority to sue and 3) generated significant revenues from its license agreements that appeared to be under plaintiff's control. Those facts gave defendant reason to believe that MassBiologics operated independently from the Commonwealth.

Defendant also knew from the complaint that MassBiologics

was affiliated with the University of Massachusetts, which as
plaintiff now explains, has been found to be an "agency of the
state" in other contexts. See, e.g. McNamara v. Honeyman, 546
N.E.2d 139, 142 (Mass. 1989) (noting that the "university is an
agency of the Commonwealth" in context of suit under
Massachusetts Tort Claims Act).  That case law finding the
University to be a state agency does not necessarily resolve the
multi-factor URI inquiry, nor did plaintiff raise that objection
at the time of removal.  Accordingly, the circumstances did not
render defendant's removal unreasonable, particularly in the face
of First Circuit case law that held that a state university is a
citizen for diversity purposes and emphasized that the "arm of
the state" analysis was highly fact-specific. See URI, 2 F.3d at
1204 (noting "each state university must be evaluated in light of
its unique characteristics").

The complexity of the URI inquiry is not lost upon the
Court. See id. at 1219 (Hornby, J., concurring) (noting myriad
factors "will seldom yield a certain outcome until a court
actually decides the issue").  The facts that were within
defendant's possession at the time of removal suggest an
objectively reasonable basis for taking that action and,
therefore, an award of fees is unwarranted. Cf. Youtsey v.
Avibank Mfg., Inc., 734 F. Supp. 2d 230, 239 (D. Mass. 2010)
(denying award of fees under § 1447(c) where facts were "not so

one-sided as to have made remand a foregone conclusion").

The Court's exercise of discretion here is informed by the fact that plaintiff did not oppose defendant's removal nor otherwise suggest that the Court lacked jurisdiction over the controversy. See Martin, 546 U.S. at 141 ("[A] plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees."). Although during the course of the Maryland state court litigation plaintiff repeatedly asserted that it was a state agency, and did so on one occasion prior to defendant's removal, plaintiff did not oppose removal or otherwise contest jurisdiction over the controversy. The fact that plaintiff failed to do so, even if it were motivated by a good faith desire to expedite the litigation, undermines plaintiff's subsequent claim for an award of fees and costs. See Micrometl Corp. v. Tranzact Technologies, Inc., 656 F.3d 467, 471 (7th Cir. 2011) (approving district court's refusal to award fees where remanding failed to alert court to lack of jurisdiction for ten months).

Ultimately, the Court must evaluate the defendant's basis for removing contemporaneously. Here, the facts in hand coupled with the complexity of the test for determining diversity jurisdiction provided defendant with a sufficient basis for removal. The Court declines to award fees and costs to plaintiff.

-6-

**ORDER**

In accordance with the foregoing, defendant's motion to remand the case to state court (Docket No. 39) is **ALLOWED**, without an award of fees to plaintiff.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 30, 2013